# The Philadelphia Fire and Life Insurance Company *versus* Mills.

### *What Levy upon Insured Property will avoid Policy of Insurance.*

A condition in a policy of insurance that it should cease from the time that the property insured should be "levied on or taken into possession or custody, under an execution or other proceeding at law or equity," does not apply to a wrongful levy, made upon the property as that of another person.

ERROR to the District Court of *Philadelphia.*

This was an action of covenant brought in the name of David W. Mills, to the use of the Mechanics' Bank of Williamsburg, against the Philadelphia Fire and Life Insurance Company, on a policy of insurance issued by defendant to William T. Mills, dated October 21st 1856, for one year, on an omnibus establishment in West Philadelphia.

The material facts of the case were these:—

On the 12th of September 1856, Buchanan & Stevens, former owners of the establishment, and who had sold it to William T. Mills, brought suit against him in the District Court.

On the 21st day of October 1856, William T. Mills renewed an insurance with the defendant for one year, covering the frame stable and stock generally of plaintiff in the Twenty-Fourth ward, on the east side of Till street, north of Market. This policy contained the following condition:—

"The insurance by this policy shall cease from the time that the property hereby insured shall be levied on or taken into

8 Wr.—16

[Philadelphia Fire and Life Insurance Co. *v.* Mills.]

possession or custody under an execution or other proceeding at law or equity."

On the 28th of October 1856, Buchanan & Stevens recovered judgment against Mills for $26,268.50. On the 8th of November 1856, the insured property was by bill of sale transferred by William T. Mills to David W. Mills, for the consideration of $40,000. There was no evidence in the case tending to show that D. W. Mills was at that time the owner of so large a sum of money, the proof was that he was acting as clerk for his father at $10 a week, and that no money passed at the execution of the bill of sale, but possession was taken by him under this sale. On the 10th of November 1856, Buchanan & Stevens sued out an execution against William T. Mills. On the 15th of November 1856, the policy was assigned to David W. Mills, son of William T. Mills.

On the morning of the 23d of December 1856, the property insured being in the possession of the watchman appointed by the sheriff under the above execution, was almost entirely destroyed by fire. The watchman had been sent there about a week before the fire.

The sheriff made the following return to the execution:—

"To the Honourable Judges, &c., I do hereby certify and return, that in obedience to the within writ, I levied upon the personal property of defendant, November 10th 1856. On the morning of the 23d day of December 1856, portion of said property was destroyed by fire, and sold the balance of said property on the 14th day of January 1857, for the sum of $2223.35. Previous to said fire a claim to said property was made by David W. Mills, and he having failed to enter bonds in court according to law, the same was sold as above."

There were several matters of defence set up on the trial, but the main point relied on was, that as the property insured was levied upon under an execution after the issuing of the policy, and so continued at the time of the fire, the insurance ceased under the terms of the policy, as above stated.

The court below (SHARSWOOD, J.) instructed the jury on this point that, as the execution was against the father after a sale and delivery of possession to the son, the levy made under it was a wrongful levy, and that if the sale was *bonâ fide*, and the levy consequently wrongful, it should not be regarded as a breach of the covenant in the policy. But that if the sale was not *bonâ fide*, if it left the property in the father, and the son acquired none, but the transaction was intended to hinder and delay the creditors, then the levy would be such a one as the creditors had a right to make—such a one as was contemplated in the policy, and such a one as would avoid it.

There was a verdict and judgment for plaintiff; whereupon the

[Philadelphia Fire and Life Insurance Co. *v.* Mills.

defendant sued out this writ, and assigned the ruling of the court on this and the other points which were propounded, for error.

*John Clayton* and *George W. Biddle,* for plaintiff in error.

*F. Carroll Brewster* and *W. L. Hirst,* for defendant in error.

PER CURIAM.—We do not discover any error in this record, and we need not specially refer to any other point in it, except that which was specially relied on in the argument. The policy was to cease when the property insured should be "levied on or taken into possession or custody under an execution or other proceeding at law or equity;" and we do not think that this expression covers a case of trespass in which the property is wrongfully seized as the property of a stranger.

Properly speaking, a levy "under" any process is a levy in pursuance of the authority given by it, and an execution against one man never gives authority to levy on the goods of another. The levy in this case was not therefore properly "under" any process. And we discover no valid reason for extending this provision to the case of a wrongful levy. To do so would be to attribute to every levy that is valid in form the effect of avoiding a policy, though such levy should be invalid in substance, and should have endured but an hour.

　　　　　　　　　　　　　　　Judgment affirmed.